OPINION and DNCREJH,
That, if the appellee were injured by the verdict of the jury, and judgement of the county court of Henrico stated in his bill, the only mode by which he could regularly obtain redress was a new trial of the issue between the parties in the action at common law, and consequently that he decree of the county court of York, which seems to have thought the principal money recovered by that decree so much more than the appellant ought, to have received from the ap-pellee, is erroneous; and therefore this court doth reverse the said decree, but this court supposeth that if certain facts now appearing by the testimony in this cause had been known to the jury who tried the issue, or to the court Who rejected the motion for a new trial, ’ either the former might not have found such a verdict, or the other, if they had found it, might have awarded another trial: and is of opinion, that, although the county court of York perhaps had no power to award such new trial, this court retaining the cause may procede in it, as if it had been originally commenced here; and therefore this court doth direct the said issue to be tried again before the said county court of Henrico, and the verdict thereupon to be certified to this court, and the appellee here in'court doth consent, without which consent the new trial would not have been awarded, that if the damages which shall be assessed upon such trial excede the damages assessed on the former trial, which may be the event, this court may decree him to pay the excess and award execution against him for the same.
The facts unknown to the court of Hen-rico, and to the jury who tried the issue, are
That the men who signed the paper, dated the 10 day of february, 1782, signed it at the request of one party, without giving notice of it to the other party, and when they were not together, and are proved by three witnesses, since the trial, to have contradicted the matter affirmed by them in that paper; *and that two of them (the other being dead) who were examined on oath in this case, did not give a categorical answer to an interrogatory propounded explicitly to extort from them such an answer, to the only material question in controversy.
The appellants counsil objected, that the jury’s having taking with them the paper of february, 1782, ought not now to be adjudged by this court a good cause for another trial for two reasons, one, that the same matter had been determined by another court, of competent jurisdiction, not to be a good cause for a new trial, which adjudication this court hath no power to correct, which reason perhaps would not have been mentioned, because it ought not to have been mentioned, if .the objector had recollected that the bill of exceptions stated the viva voce testimony of the valuers not to have varied from the paper, whence is inferred that the court would have awarded a new trial, if they had known the facts now disclosed, that is, the manner of procuring that paper, and the use which was made of it, and that the viva voce testimony and paper vary from what those men after-wards confessed to be the truth.
The other reason mentioned 'by the coun-sil for the appellant for disregarding the jury’s taking the paper, is that it did not govern them in their verdict, for if it had governed them, they would have assessed more damages, which reason was not thought satisfactory, that all the jurors were not governed by the paper with the concurrent testimony of the witnesses who signed it was indeed manifest, but that some of them were governed by it, and that it had influence on the assessment, is probable; and if it had influence, that is conceived to be good case to award another trial.
How the jury formed their estimate of the damages can only be conjectured, the admission into that estimate of fractional quantities, whose denominators were so low as farthings, shews the estimate to have been the result of a calculation somewhat complex. If they allowed interest upon the money remaining due to the appellant as they are believed to have done, the principal, with which they charged the appellant, was about 2921. 17s. 6d. for the sum of that and the interest from September, 1779, to the day of finding the verdict, being 811. 4s. 1% is equal to the 3741. Is. 7% assessed. the jury, differing in their estimates according to a mode of adjustment said to be frequentljr practised where unanimity is desperate, are supposed to have agreed, that the sum of their estimates added together being divided by their own number, the quotient should be the measure of their damages.
If five jurors had been guided by the paper of february, *1782, and three by the statutory scale of depretiation, and the other four, neglecting both, had fixed on what they thought the true value of the houses and lots, the calculation might have been made in this manner: 5x500 † 3x100 † 4x1781. 12s. 6d. their sum would be *235 35141. 10s. and this being divided by 12, the quotient would be 2921. 17s. 6d.
This although merely conjectural shews a probability at least, that some of the jurors were governed by that paper; and a probability that they were governed by such a paper and its corroborative evidence, as this last now appeareth, is deemed a good cause for a new trial.
The appellee stated in his bill other matters, of which notice was not taken in the opinion or decree of the high court of chancery, but which perhaps deserved notice.
One was, that on trial of the issue in Henrico court, the valuation in September, 1778, was required by the appellees counsil to be produced, but was denied by the appellants counsil to be in existence, the only part'of the appellants answer which is responsive to this allegation, if any part be responsive to it, seems to admit implicitly that the paper could have been produced, but that it was not produced by the appellant. when this matter was mentioned in the high court of chancery, the appellants counsil observed that the appellee had the valuation of September, 1778, for it appears by the transcript of proceedings before the county court of York to have been one of his exhibits, but this doth not prove that he had it at the trial in Henrico court, which was in april, 1785.
The other matter stated in the bill, and unnoticed in the opinion or decree, is that the witnesses offered by the appellees coun-sil to prove that Griffin, Pope and Reynolds had invaribly acknowledged, that they made the valuation in currency, and that they never thought of specie at that time, were rejected by the court of Henrico: and the fact, which is neither confessed nor denied by the appellant, is proved by a witness.

The case of Ambler v. Wyld, 2 Wash. 36, decides.—
1.IC the parties in an action at law. are at liberty by the issue to go fully into the examination of evidence. and having done so. a verdict is found after a fair trial, a court of Oil an eery ought not to interfere by directing a new trial. — Aliter, if part of the evidence was suppressed by the court.
3. The court of one county may relieve against a judgment at law rendered in another, by way of original jurisdiction ; and though it cannot award a new trial at the bar of that other court, yet it may direct a.n issue to be tried at its own bar. And if the relief be afforded without the trial of an issue where that was necessary the High Court of Chancery, upon an appeal, may after reversal retain the cause, and direct an issue to be tried at the bar of that, or any other court.
“"3. The 5th section of the act for scaling debts &c. was not intended to let men loose from their contracts, but to allow a departure from the established scale, in cases where it is necessary in order to meet the real contract of parties.
See Hamilton v. Urquhart, in this volume, post., and Yates v. Salle, ante. — Ed. ] — 1Note in edition of 1353.